IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CODY WRIGHT, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:15-CV-2418 |
| | : | |
| vs. | : | |
| | : | |
| SUPERINTENDENT VINCENT | : | (Judge Rambo) |
| F. MOONEY, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**Background**

On December 16, 2015, Plaintiff Cody Wright, an inmate presently confined at the State Correctional Institution at Forest, Marienville, Pennsylvania, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the following four individuals employed at the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal Township"): (1) Vincent F. Mooney, Superintendent; (2) Anthony Luscavage, Deputy Superintendent; (3) Mr. Ritchie, who is alleged to be a Counselor or Unit Manager; and (4) Correctional Officer Weisenberger. (Doc. 1.)  Wright claimed that the

Defendants violated his rights under the Eighth Amendment to the United States Constitution when he was provided with contaminated food and denied adequate medical care. (Id. at 8-9.)

In support of the Eighth Amendment claim, Wright averred that on August 8, 2015, at about 4:23 p.m., while confined at SCI-Coal Township, he was eating his dinner meal and bit into and partially swallowed the severed head of a frog. (Id. at 4.)  Wright claimed the putrid taste made him spit out the rest of the frog head and he then immediately ran to the toilet in his cell and vomited. (Id.)  Wright averred that his "mouth had a tingling sensation and his throat tightened restricting his breathing" and he repeatedly pressed the medical emergency call button in his cell. (Id.)  Wright claimed the manner in which Defendants responded to this incident violated his constitutional rights.

On April 25, 2015, the court issued a Memorandum and Order dismissing the complaint but granted Wright leave to file an amended complaint. (Docs. 14, 15.) The

court incorporates by reference the reasoning set forth in that Memorandum.

On May 16, 2016, Wright filed what purports to be an amended complaint. (Doc. 16.)  The amended complaint consists of three pages of essentially legal argument and a § 1983 form civil rights complaint in which he names five defendants in the caption of the complaint but only one defendant in the "Defendants" section of the complaint form. (Id. at 4-5.) The defendants named in the caption are as follows:  (1) Vincent F. Mooney, Superintendent; (2) Anthony Luscavage, Deputy Superintendent; (3) Mr. Ritchie, who is alleged to be a Counselor or Unit Manager; (4) Correctional Officer Weisenberger; and (5) "Nurse Hellen." (sic)[1] (Id.)  The only factual allegations in the "Statement of Claim" section of the complaint form are against nurse "Hellen," who although mentioned in the original complaint was not named as a defendant.  A review of the amended complaint reveals that it suffers

---

1.  This could be a misspelling of the given name "Helen" not the surname "Hellen."

from the same defects as the original complaint.  With
respect to "Nurse Hellen" the allegations are
essentially the same. (Id. at 5.)  She responded to the
incident but did not specifically check on Wright. In
the original complaint, Wright alleged that "Nurse
Helen" responded to the incident, did not specifically
check on him but "yelled out 'sign-up for sick call if
you need help.'" (Doc. 1, at 5.)  As stated in the
Memorandum of April 25, 2016, Wright was not the only
one who allegedly found frog parts in the dinner meal.
The Memorandum further noted that a complaint must plead
more than mere conclusions and the claim for relief must
be based on sufficient facts to make it plausible. See
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
(2007).  The pleading requirements for an Eighth
Amendment medical care claims were set forth in the
Memorandum of April 25, 2016.  Under those standards,
the allegations against "Nurse Hellen" are insufficient.
In sum, there are no allegations from which it could be
concluded that "Nurse Hellen" was deliberately
indifferent to Wright's serious medical need.

Consequently, Wright's amended complaint will be dismissed without further leave to file a second amended complaint.[2]

      An appropriate order will be entered.


           s/Sylvia H. Rambo
           SYLVIA H. RAMBO
           United States District Judge


May 17, 2016

---

2. When correctional officers responded to the incident, they asked Wright if he wanted another meal tray.  Wright responded in the negative but requested that photographs and video of the frog head be taken. It is odd that Wright, who claims that he was in a life threatening situation, still had the mental capacity and foresight to ask to have photographs taken of the head of the frog. Wright further admitted that his symptoms subsided after 48 hours and that sick call requests were denied on August 8 and 9, 2015, because medical staff did not deem his "symptoms as being of an emergency medical issue." (Doc. 1, at 5.) An investigation of the incident by prison official suggested that Wright was responsible for dismembering the frog and distributing the frog parts to other inmates.